**Corrected Opinion Filed 10/18/2024 by Clerk of Supreme Court**

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 191

In the Matter of the Application for Disciplinary
Action Against Gregory D.L. Daniel, a Member
of the Bar of the State of North Dakota

_____

Disciplinary Board of the Supreme Court of the
State of North Dakota,                                    Petitioner

v.

Gregory D.L. Daniel,                                      Respondent

## No. 20240182

Application for disciplinary action.

DISBARMENT ORDERED.

Per Curiam.

[¶1]   The Supreme Court has before it a report from a hearing panel of the disciplinary board recommending Gregory D.L. Daniel be disbarred from the practice of law in North Dakota and pay $250 in costs and expenses of the disciplinary proceeding.  We adopt the hearing panel's findings and recommended sanctions and order disbarment.

[¶2]   Daniel was admitted to practice law in North Dakota on September 18, 2020.  He has been licensed since October 14, 2020.  He practiced at the Law Office of Dr. Gregory D.L. Daniel, Esq. in Houston, Texas.

[¶3]    Assistant Disciplinary Counsel filed an affidavit outlining unsuccessful efforts to serve Daniel in this matter.  Therefore, service in this matter was made on the Clerk of the Supreme Court under Admission to Practice R. 1.  Daniel failed to answer the petition and Disciplinary Counsel moved for default.  Daniel is in default and the charges in the petition for discipline are deemed admitted under N.D.R. Lawyer Discipl. 3.1(E)(2).

[¶4]    In September 2022, Daniel held client funds in the amount of $9,888,779 in his trust account.  The client and his wife entered into a $600,000 loan agreement to LBDD Enterprise Holdings, LLC.  Prior to the loan, they provided a written letter personally guaranteeing on the loan.  Daniel sent the lender a letter on his firm letterhead stating the amount of funds he held and that the loan would be paid out of the funds.  Both letters were intended to induce the lender to make the loan.  LBDD did not pay the loan when due.  Neither the client, nor his wife, nor Daniel from the trust account paid the loan when due.  The lender sued Daniel for fraud and breach of contract.  Daniel did not answer the complaint and it appears he is evading attempts to involve him in the civil matter.

[¶5]    The conduct giving rise to this complaint has the predominant effect in Indiana and under N.D.R. Prof. Conduct 8.5, the professional conduct rules of Indiana apply.  The hearing panel concluded Daniel's conduct violated Ind. R. Prof'l Cond. 1.8, Conflict of Interest: Current Clients: Specific Rules, by failing to appropriately counsel his client as to a potential conflict of interest by way of his involvement and guarantee of the loan issued to them by a third party; Ind. R. Prof'l Cond. 4.1, Truthfulness in Statements to Others, by engaging in misrepresentation, deceit, or both with regard to his own financial means to induce the production of a business loan from a third party; and Ind. R. Prof'l Cond. 8.4, Misconduct,  by engaging in conduct involving fraud with regard to his client's financial means to induce the production of a business loan from a third party.

[¶6]    The hearing panel considered the appropriate sanction for Daniel's conduct under N.D. Stds. Imposing Lawyer Sanctions 4.3, 4.32, 5.1 and 5.11, and concluded disbarment was the appropriate sanction.

[¶7]    On July 8, 2024, this matter was referred to this Court under N.D.R. Lawyer Discipl. 3.1(F)(2).  The hearing panel's report was served on the Clerk of the Supreme Court and Disciplinary Counsel on January 10, 2024, and forwarded to the Supreme Court.  Objections were due within 20 days of service of the report.  No objections were received, and the matter was submitted to the Court for consideration.  The court considered the matter, and:

[¶8]    IT IS ORDERED that Gregory D.L. Daniel is DISBARRED from the practice of law, effective immediately.

[¶9]    IT IS FURTHER ORDERED that Daniel pay the costs and expenses of these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 600 East Boulevard Avenue, Dept. 180, Bismarck, North Dakota 58505-0530, within 30 days of entry of judgment.

[¶10]   IT IS FURTHER ORDERED that for any amounts already paid by the North Dakota Client Protection Fund on Daniel's behalf, he make restitution within 90 days of entry of the judgment in this matter.  For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Daniel make restitution to the Fund within 90 days of receiving notice payment was made.

[¶11]   IT IS FURTHER ORDERED that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5 and cannot occur until at least five years from the effective date of disbarment and compliance with the conditions of this order.

[¶12]   IT IS FURTHER ORDERED that Daniel comply with N.D.R. Lawyer disciple. 6.3 regarding notice.

[¶13]   Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

**Filed by Clerk of Supreme Court 10/18/2024**